IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| VIDANGEL, INC., <br><br> Plaintiff, <br> v. <br><br> DISNEY ENTERPRISES, INC., LUCASFILM LTD. LLC, TWENTIETH CENTURY FOX FILM CORPORATION, WARNER BROS. ENTERTAINMENT INC., MVL FILM FINANCE LLC, NEW LINE PRODUCTIONS, INC., AND TURNER ENTERTAINMENT CO., <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER ABSTAINING FROM FURTHER PROCEEDINGS AND DISMISSING THE ACTION** <br><br> Case No. 2:18-cv-00145-DN <br><br> District Judge David Nuffer |
| In re: <br><br> VIDANGEL, INC., <br><br> Debtor. | Related Chapter 11 Case <br><br> Case No. 17-29073 <br><br> Adv. Case No. 18-ap-02016-KRA |

Plaintiff VidAngel, Inc. ("VidAngel") filed an adversary proceeding ("Adversary Complaint") related to Bankruptcy Case No. 17-29073 and against Defendants Disney Enterprises, Inc., Lucas Film Ltd. LLC, Twentieth Century Fox Film Corporation, Warner Bros. Entertainment Inc., MVL Film Finance LLC, New Line Productions, Inc., and Turner Entertainment Co. (collectively, the "Studios").[1] Based upon VidAngel's request,[2] the reference

---

[1] *In re: VidAngel, Inc.*, Case No. 17-29073, Complaint for Declaratory Relief and Disallowance Claims ("Adversary Complaint"), Bankruptcy Dkt. 155, filed Feb. 15, 2018.

[2] Motion to Withdraw the Reference of Adversary Proceeding Related to a Chapter 11 Case, docket no. 2, filed Feb. 16, 2018.

to the Bankruptcy Court was withdrawn.[3] However, the order withdrawing reference expressed concerns regarding the Adversary Complaint and whether it should be dismissed for lack of jurisdiction or other good cause.[4] At that time, the parties were ordered to provide briefing on this issue to determine whether VidAngel should be allowed to proceed on the Adversary Complaint,[5] notwithstanding the withdrawal of reference.[6] On November 19, 2018, VidAngel filed a memorandum in support of jurisdiction[7] and the Studios filed a memorandum opposing jurisdiction over the Adversary Complaint.[8] Based upon the background of this case and the parties' briefing, abstention from exercising jurisdiction of the Adversary Complaint is appropriate.

## DISCUSSION

This court has jurisdiction over the Adversary Complaint under 28 U.S.C. § 1334(b). Section 1334(b) provides that "the district courts shall have original but not exclusive jurisdiction over all civil proceedings arising under title 11, or arising in or related to cases under title 11."[9] "Proceedings 'arising in' a bankruptcy case are those that could not exist outside of a

---

[3] Memorandum Decision and Order Granting [2] Motion to Withdraw Bankruptcy Reference ("Reference Withdrawal Order"), docket no. 11, entered Nov. 1, 2018.

[4] *Id*. at 5-6.

[5] As noted in the Reference Withdrawal Order at 3-4:

> The Adversary Complaint incorporates by reference VidAngel's Amended Answer, Affirmative Defenses, and First Amended Counterclaims, as set forth in the California action, and asserts two causes of action. First, VidAngel seeks disallowance of the Studios' claims from the California action, alleging that the Studios' claims are unenforceable under applicable law. Second, VidAngel requests declaratory relief that its Disc Ownership Model does not infringe on the Studios' copyrights, that the Studios are not harmed and have not sustained any damages, and that VidAngel is not liable to the Studios for alleged infringement or violation of the DMCA.

[6] *Id*.

[7] Memorandum and Points of Authority in Support of District Court Jurisdiction and Venue to Adjudicate Adversary Complaint ("VidAngel's Brief"), docket no. 20, filed Nov. 19, 2018.

[8] Defendants' Brief in Response to Memorandum Decision and Order Granting Motion to Withdraw Bankruptcy Reference [Dkt. 11] ("Studio's Brief"), docket no. 18, filed Nov. 19, 2018.

[9] 28 U.S.C. § 1334(b).

2

bankruptcy case, but that are not causes of action created by the Bankruptcy Code."[10] "A proceeding is 'related to' a bankruptcy case if it could have been commenced in federal or state court independently of the bankruptcy case, but 'the outcome of that proceeding could conceivably have an effect on the estate being administered in bankruptcy.'"[11] Under this standard, the court has jurisdiction over the Adversary Complaint.

The adversary case "arises in" and is "related to" a Chapter 11 bankruptcy. The adversary case does not raise causes of action created by the Bankruptcy Code, but it would not be in this court, were it not for the bankruptcy case filed by VidAngel because the case was filed pursuant to VidAngel's Chapter 11 bankruptcy. The outcome of the adversary case could alter VidAngel's rights, liabilities, options, or freedoms of action, which could conceivably impact the handling and administration of the bankruptcy estate.[12] Therefore, this court has jurisdiction under Section 1334(b). However, the inquiry into whether to exercise jurisdiction does not end there.

"The plain language of section 28 U.S.C. 1334(c)(1) provides for abstention when it would serve 'the interest of justice, or . . . the interest of comity with State courts or respect for State law."[13] The Tenth Circuit Court of Appeals recently issued guidance on when to abstain when two federal suits are pending.[14]

---

[10] *In re Midgard Corp.*, 204 B.R. 764, 771 (10th Cir. B.A.P. 1997).

[11] *Id.* (citing Gardner v. United States (*In re Gardner*), 913 F.2d 1515, 1518 (10th Cir.1990)).

[12] *In re Gardner*, 913 F.2d at 1518.

[13] *In re Apex Oil Co.*, 980 F.2d 1150, 1152 (8th Cir. 1992) (citing 28 U.S.C. 1334(c)(1)).

[14] *Wakaya Perfection, LLC v. Youngevity International, Inc.*, 910 F.3d 1118 (10th Cir. 2018). The Studios discuss abstention factors established by the Ninth Circuit when deciding whether to abstain from exercising jurisdiction under 28 U.S.C. § 1334(c)(1). Studios' Brief, docket no. 18 at 9-10. These factors, while applied by some district courts in the Tenth Circuit, primarily address situations when a parallel case exists in state court or a party seeks to remand the case to state court. *See e.g.*, *In re Commercial Fin. Servs., Inc.*, 251 B.R. 414 (Bankr. N.D. Okla. 2000) and *In re Maale*, No. ADV 13-02511, 2014 WL 896994, at *8 (Bankr. D. Utah Mar. 6, 2014). The *Wakaya* test, which includes the first-to-file rule, is more applicable to this case where there is concurrent federal litigation.

> As a starting point, courts should apply the first-to-file rule. Under this rule, courts consider three factors: "(1) the chronology of events, (2) the similarity of the parties involved, and (3) the similarity of the issues or claims at stake."[15]

Here, all three factors under the first-to-file rule are satisfied. Four of the defendants in this action (the "California Plaintiffs") sued VidAngel in the United States District Court for the Central District of California on June 9, 2016—more than 20 months before VidAngel filed its Adversary Complaint. As a result, the California court has priority to consider the issues in the case.[16] The parties and issues at stake also substantially overlap between this proceeding and the California proceeding.[17]

VidAngel argues that equitable factors support the exercise of jurisdiction over this matter—primarily that (1) Utah is a more convenient forum; and (2) the Utah community has an interest in the litigation because the majority of VidAngel's customers are located in Utah.[18] While equitable factors may bear on the inquiry of whether to abstain,[19] the equitable considerations raised by VidAngel do not overcome the first-to-file rule in this case. Interested VidAngel customers, regardless of their location, are capable of following the progress of the case. And, convenience of the parties and witnesses is more appropriate for the California court to consider in a motion to transfer

---

[15] *Wakaya Perfection, LLC*, 910 F.3d at 1124.

[16] *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982) ("[T]he first court in which jurisdiction attaches has priority to consider the case.").

[17] *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 790 (6th Cir. 2016) ("The first-to-file rule applies when the parties in the two actions substantially overlap, even if they are not perfectly identical.") (internal citations omitted).

[18] VidAngel Brief at 7-11, docket no. 20.

[19] *Wakaya Perfection, LLC,* 910 F.3d at 1124, 1127. *See also Baatz*, 814 F.3d at 789 (identifying inequitable conduct, bad faith, anticipatory suits, and forum shopping as equitable considerations).

4

venue.[20] Overall, abstention from exercising jurisdiction over the Adversary Complaint is merited.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that this action is DISMISSED.

The clerk of the court is directed to close the case.

Dated March 6, 2019.

BY THE COURT:

_____
David Nuffer
United States District Judge

---

[20] *See* 28 U.S.C. § 1404(a).